[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE MOTION TO PRESENT ADDITIONAL EVIDENCEAND TO MODIFY SCHEDULING ORDER
The plaintiff appeals from an August 24, 1997 decision of the Employees' Review Board (board) determining that the plaintiff's rights were not violated when he was denied reemployment to the position of Assistant Director of Municipal Police Training Council after his layoff from a position he held in the Department of Liquor Control. This appeal was filed on October 9, CT Page 5269 1997; the record and answer were filed on January 7, 1998. No briefs have been filed.
By this motion dated March 11, 1998, the plaintiff seeks to present additional evidence pursuant to General Statutes §4-183 (h). The plaintiff asserts that he has recently discovered evidence material to his claim under General Statutes §5-241. This evidence, which is not controverted by the board and was discovered by the plaintiff in March 1998, shows that the position of assistant director of municipal police training council was vacant prior to his layoff The plaintiff argues that this evidence is material to a claim that the state violated his rights under General Statutes § 5-241 by failing to transfer him to the position prior to his layoff. The board responds in part that this claim is not part of his appeal and accordingly the evidence is not material.
General Statutes § 4-183 (h) reads:
 If, before the date set for hearing on the merits of an appeal, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
To order that the additional evidence be presented to the agency below, this court must find that the evidence is material and that there are good reasons for the failure to present it below. One difficulty with the plaintiff's argument is that neither his appeal nor the proceedings before the board includes the claim to which the proffered evidence relates. The plaintiff's complaint includes the following paragraph:
 17. The ERB decision erroneously denied the plaintiff re-employment by misinterpreting the governing statute and related collective bargaining agreements and personnel policies to allow re-employment rights only to equal or lower level positions.
CT Page 5270
The proffered evidence relates to rights available to the plaintiff during his employment. The governing statute, General Statutes § 5-241, reads,
 (b) An appointing authority desiring to lay off an employee shall give him not less than two weeks' notice in writing, stating the reason for such action, except that in the case of an employee, as defined in section 5-196, who is not covered by a collective bargaining agreement and who has been in the classified service for (1) at least five but not more than ten years, the appointing authority shall provide at least four weeks' notice, (2) more than ten but not more than fifteen years, the appointing authority shall provide at least six weeks' notice, (3) more than fifteen years, the appointing authority shall provide at least eight weeks' notice. A copy of such notice shall immediately be forwarded to the Commissioner of Administrative Services. The commissioner shall arrange to have the employee transferred to a vacancy in the same or a comparable class or in any other position the employee is qualified to fill in any department, agency or institution. If there is no vacancy available or the employee refuses to accept the transfer, the commissioner shall cause the name of such employee to be placed on the reemployment list for the appropriate class for which he has attained permanent status or has the ability to qualify, as determined by the commissioner. During the period he is entitled to remain on the reemployment list, such an employee shall be rehired in the classification from which he was laid off or for which he is qualified, as vacancies occur, in the reverse order of layoff. Any employee who is rehired from a reemployment list shall not be required to complete a new working test period, as defined in subdivision (1) of section 5-196.
(Emphasis added.)
The bold italicized language presents the legal claim the plaintiff now seeks to add. The less conspicuous italicized language is the plaintiff's current claim on appeal. In effect, the plaintiff is seeking to amend his appeal by obtaining a remand from this court that will order the board to consider a new legal argument under § 5-241.
Even if the court were to exercise its discretion in allowing the plaintiff an opportunity to broaden his claims before the board because the same statute is at issue, it must consider whether there were good reasons for the plaintiff's failure to present this evidence and this claim before the board. CT Page 5271
The existing record shows that at the time of the hearing the plaintiff was aware that there were delays between the effective date of job vacancy and the vacancy posting. (Return of Record (ROR), transcript of April 14, 1997 hearing, p. 28.) The plaintiff also testified at the hearing that he was aware of the "possibility" of an opening for the position of assistant director of municipal police training council prior to his layoff. (ROR, transcript, p. 28.). There is no allegation that the state purposely misled the plaintiff as to the timing of this vacancy. The plaintiff has failed to show that there were good reasons for his failure to present this evidence at the hearing.
The motion to present additional evidence is denied. The motion to modify the scheduling order is granted as follows: the plaintiff's brief is due May 29, 1998, and the defendant's brief is due June 29, 1998.
DiPentima, J.